**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 05-cv-1186-RPM-BNB
DAVID ALLISON,
          Plaintiff,
v.
CRAVE ONLINE MEDIA, LLC *et al.*,
          Defendants.

_____

**STIPULATED PROTECTIVE ORDER**
_____

WHEREAS, the Court is advised that Plaintiff David Allison d/b/a Cheat Code Central ("Plaintiff" or "Allison"), and Defendant Crave Online Media, LLC ("Defendant" or "Crave") believe that certain documents and things, answers to interrogatories, testimony, and other responses, will contain trade secrets or other confidential research and development data or commercial information within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure; and they believe the same or parts thereof may be relevant to the subject matter of the present action between them, within the meaning of Rule 26(b) of the Federal Rules of Civil Procedure;

IT IS HEREBY ORDERED THAT:

1. If, in the course of this action, any party (including any attorney for such party) to this action or any third party undertakes or is caused to disclose what it, the disclosing party, contends is confidential or proprietary technical, scientific, financial or business information, the procedures set forth herein shall be employed, in which case the

disclosure shall be subject to this Order, and the information provided for purposes of and use in this action only.

    2.    <u>Definitions</u>

    (a)    The term PROTECTED INFORMATION shall mean trade secrets, other confidential research, development or commercial information as defined by Fed. R. Civ. P. 26(c)(7), or confidential medical or financial information of a party.

    (b)    The term CONFIDENTIAL INFORMATION – ATTORNEYS ONLY, shall mean PROTECTED INFORMATION that is so designated by the producing party. The designation CONFIDENTIAL - ATTORNEYS ONLY may be used only for information that constitutes a trade secret or other information that the providing party believes in good faith is or has the potential of being competitively sensitive to the providing party or competitively useful to the receiving party.

    (c)    The term CONFIDENTIAL INFORMATION shall mean all PROTECTED INFORMATION that is not designated as "CONFIDENTIAL - ATTORNEYS ONLY" information. The designation CONFIDENTIAL may only be used for PROTECTED INFORMATION other than trade secrets.

    (d)    The term CONSULTANT shall mean any person who is not a party to this action and/or not presently employed, or anticipated to become employed, by a party or a company affiliated through common ownership, and who has been retained or employed as a bona fide consultant or expert for purposes of this action, whether full or part time, by or at the direction of counsel for a Party.

    4.    <u>Designation of Information</u>

(a) Documents and things produced or furnished during the course of this action shall be designated as containing CONFIDENTIAL INFORMATION by placing on each page and each thing a legend substantially as follows:

CONFIDENTIAL INFORMATION

(b) Documents and things produced or furnished during the course of this action shall be designated as containing information which is CONFIDENTIAL INFORMATION – ATTORNEYS ONLY by placing on each page and each thing a legend substantially as follows:

CONFIDENTIAL INFORMATION – ATTORNEYS ONLY

(c) To the extent that documents or things are reviewed by a receiving party prior to production, any knowledge learned during the review process will be treated by the receiving party as CONFIDENTIAL INFORMATION – ATTORNEYS ONLY until such time as the documents have been produced, at which time any stamped classification will control. No photograph or any other means of duplication, including but not limited to electronic means, of materials provided for review prior to production is permitted before the documents are produced with the appropriate stamped classification.

(d) All depositions shall be treated as containing PROTECTED INFORMATION for a period of thirty (30) days after receipt of the transcript, after which only those portions designated as CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION – ATTORNEYS ONLY as set forth herein shall be deemed to be PROTECTED INFORMATION. A party may designate information disclosed at a deposition as PROTECTED INFORMATION by requesting the reporter to so designate the information or applicable portion of the transcript at the time of the deposition. In addition, a party may designate any portion of a deposition transcript as

PROTECTED INFORMATION by notifying all parties in writing within thirty (30) days following receipt of the transcript and identifying the portion or portions of the transcript to be so designated.

    (e)  A producing party shall designate its discovery responses, responses to requests for admission, briefs, memoranda and all other papers sent to the court or to opposing counsel as containing CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION – ATTORNEYS ONLY when such papers are served or sent.

    (f)  The parties will use reasonable care to avoid designating any documents or information as CONFIDENTIAL INFORMATION or as CONFIDENTIAL INFORMATION – ATTORNEYS ONLY that is not entitled to such designation or which is generally available to the public.

    5.  <u>Disclosure and Use of Confidential Information</u>

    (a)  Information that has been designated CONFIDENTIAL INFORMATION or as CONFIDENTIAL INFORMATION – ATTORNEYS ONLY shall be disclosed by the receiving party, subject to the other subsections of this paragraph 5, only to Qualified Recipients as defined in paragraph 6 pursuant to this Stipulated Protective Order.  All Qualified Recipients shall hold such information received from the disclosing party in confidence, shall use the information only for purposes of this action and for no other action, and shall not use it for any business or other commercial purpose, and shall not disclose it to any person, except as hereinafter provided.  All information that has been designated CONFIDENTIAL INFORMATION or as CONFIDENTIAL INFORMATION – ATTORNEYS ONLY shall be carefully maintained so as to preclude access by persons who are not qualified to receive such information under the terms of this Order.

(b) With respect to any person listed in ¶ 6(c) and (d), PROTECTED INFORMATION shall only be disclosed after such person has executed a disclosure agreement in the form attached as Exhibit A. In the event that the QUALIFIED RECIPIENT is a person other than an individual, such as an outside copying service, it shall be sufficient for a representative of the entity to execute the disclosure agreement on behalf of the entity and its employees.

(c) PROTECTED INFORMATION may be disclosed during a deposition to any person listed in ¶ 6(e) if:

(i) counsel for the party using the PROTECTED INFORMATION advises the witness of this Stipulated Protective Order, provides a copy to the witness, and the witness agrees on the record to maintain the confidentiality of the PROTECTED INFORMATION, or

(ii) the witness executes a disclosure agreement in the form attached as Exhibit A.

(d) Materials designated as CONFIDENTIAL – ATTORNEYS ONLY shall not be disclosed to any person listed in ¶ 6(a).

6. For purposes of this Order, "Qualified Recipient" means

(a) Any party to this action, and the regular or temporary employees of such party;

(b) Outside counsel of record for the parties in this action, or other counsel engaged for the purpose of assisting with this action, and the partners, associates, secretaries, paralegal assistants, and regular or temporary employees of such counsel to the extent reasonably necessary to render professional services in the action;

(c) Any CONSULTANT, as defined in paragraph 2(d), employed by the outside counsel of record; and

(d) Outside copying services, document management services, and graphic services retained by counsel for a party in connection with this action;

(e) Any witness being deposed in this action during the course of discovery.

(f) Court officials involved in this action (including court reporters, persons operating video recording equipment at depositions, and any special master appointed by the Court);

(g) Any person designated by the Court in the interest of justice, upon such terms as the Court may deem proper;

7. (a) In the event that any receiving party's briefs, memoranda, discovery requests, requests for admission or other papers of any kind which are filed shall include another party's CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION – ATTORNEYS ONLY, the papers shall be appropriately designated pursuant to paragraphs 4(a) and (b) and shall be treated accordingly.

(b) Documents, papers and transcripts filed with the court which contain any other party's CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION – ATTORNEYS ONLY shall be filed in sealed envelops and labeled according to **D.C.COLO.LCivR 7.2 and 7.3**.

(c) The parties recognize that use of PROTECTED INFORMATION at trial will be dealt with in the pretrial order and reserve all rights regarding such use.

(d) To the extent that documents are reviewed by a receiving party prior to production, any knowledge learned during the review process will be treated by the

receiving party as CONFIDENTIAL INFORMATION – ATTORNEYS ONLY until such time as the documents have been produced, at which time any stamped classification will control. No photograph or any other means of duplication, including but not limited to electronic means, of materials provided for review prior to production is permitted before the documents are produced with the appropriate stamped classification.

(e) In the event that any question is asked at a deposition with respect to which a party asserts that the answer requires the disclosure of CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION – ATTORNEYS ONLY, such question shall nonetheless be answered by the witness fully and completely. Prior to answering, however, all persons present shall be advised of this Order by the party making the confidentiality assertion and, in the case of information designated as CONFIDENTIAL INFORMATION – ATTORNEYS ONLY at the request of such party, all persons who are not allowed to obtain such information pursuant to this Order, other than the witness, shall leave the room during the time in which this information is disclosed or discussed.

(f) Nothing in this Protective Order shall bar or otherwise restrict outside counsel from rendering advice to his or her client with respect to this action and, in the course thereof, from relying in a general way upon his examination of materials designated CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION – ATTORNEYS ONLY, provided, however, that in rendering such advice and in otherwise communicating with his or her clients, such counsel shall not disclose the specific contents of any materials designated CONFIDENTIAL INFORMATION – ATTORNEYS ONLY.

8.    Inadvertent Failure to Designate

(a)    In the event that a producing party inadvertently fails to designate any of its information pursuant to paragraph 4, it may later designate by notifying the receiving parties in writing. The receiving parties shall take reasonable steps to see that the information is thereafter treated in accordance with the designation.

(b)    It shall be understood however, that no person or party shall incur any liability hereunder with respect to disclosure that occurred prior to receipt of written notice of a belated designation.

9.    Challenge to Designation

(a)    Any receiving party may challenge a producing party's designation at any time. A failure of any party to expressly challenge a claim of confidentiality or any document designation shall not constitute a waiver of the right to assert at any subsequent time that the same is not in-fact confidential or not an appropriate designation for any reason.

(b)    Notwithstanding anything set forth in paragraph 2 herein, any receiving party may disagree with the designation of any information received from the producing party as CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION – ATTORNEYS ONLY. In that case, any receiving party desiring to disclose or to permit inspection of the same otherwise than is permitted in this Order, may request the producing party in writing to change the designation, stating the reasons in that request and specifying a new designation or that there be no designation because there is no Protected Information. The producing party shall then have five (5) business days from the date of receipt of the notification to:

    (i)  advise the receiving parties whether or not it persists in such designation; and

    (ii)  if it persists in the designation, to explain the reason for the particular designation.

  (c)  If its request under subparagraph (b) above is turned down, or if no response is made within five (5) business days after receipt of notification, the producing party shall move the court for a protective order to maintain the designation. The burden of proving that the designation is proper shall be upon the producing party. Until the court rules on the motion, the then-current designation shall apply. Failure of the producing party to move within five (5) business days shall result in a change in designation as per the receiving parties' request.

  (d)  With respect to requests and applications to remove or change a designation, information shall not be considered confidential or proprietary to the producing party if:

    (i)  the information in question has become available to the public through no violation of this Order; or

    (ii)  the information was known, prior to its receipt from the producing party, by any receiving party without restrictions on disclosure from a third party having the right to make such a disclosure; or

    (iii)  the information was received by any receiving party without restrictions on disclosure from a third party having the right to make such a disclosure; or

    (iv)  such other grounds as the court may find.

10. <u>Inadvertently Produced Privileged Documents</u>

The parties hereto also acknowledge that regardless of the producing party's diligence an inadvertent production of attorney-client privileged or attorney work product materials may occur. They therefore agree that if a party through inadvertence produces or provides discovery that it believes is subject to a claim of attorney-client privilege or attorney work product, the producing party may give written notice to the receiving party that the document or thing is subject to a claim of attorney-client privilege or attorney work product and request that the document or thing be returned to the producing party. The receiving party shall return to the producing party such document or thing. Return of the document or thing shall not constitute an admission or concession, or permit any inference, that the returned document or thing is, in fact, properly subject to a claim of attorney-client privilege or attorney work product, nor shall it foreclose any party from moving the Court for an Order that such document or thing has been improperly designated or should be produced for reasons other than a waiver caused by the inadvertent production. The receiving party may keep one copy of such material for the sole purpose of filing a motion to compel the production of the materials for reasons other than a waiver caused by the inadvertent production; however, absent a favorable ruling on the motion by the Court, such copy shall be treated as CONFIDENTIAL - ATTORNEYS ONLY, and no further use shall be made nor shall be made of the document or the information contained therein until the Court rules on the motion. In the event that the Court denies the motion to compel, the receiving party shall return the copy of the inadvertently produced materials to the producing party.

11. <u>Inadvertent Disclosure</u>

In the event of an inadvertent disclosure of another party's CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION – ATTORNEYS ONLY to a non-Qualified Recipient, the party making the inadvertent disclosure shall promptly upon learning of the disclosure: (i) notify the person to whom the disclosure was made that it contains CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION – ATTORNEYS ONLY subject to this Order; (ii) make all reasonable efforts to preclude dissemination or use of the CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION – ATTORNEYS ONLY by the person to whom disclosure was inadvertently made including, but not limited to, obtaining all copies of such materials from the non-Qualified Recipient; and (iii) notify the producing party of the identity of the person to whom the disclosure was made, the circumstances surrounding the disclosure, and the steps taken to ensure against the dissemination or use of the information.

12. Limitation

This Order shall be without prejudice to any party's right to assert at any time that any particular information or document is or is not subject to discovery, production or admissibility on the grounds other than confidentiality.

13. Conclusion of Action

(a) At the conclusion of this action, including through all appeals, each party or other person subject to the terms hereof shall be under an obligation to destroy or return to the producing party all materials and documents containing CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION – ATTORNEYS ONLY and to certify to the producing party such destruction or return. Such return or destruction shall

not relieve said parties or persons from any of the continuing obligations imposed upon them by this Order.

(b) After this action, trial counsel for each party may retain one archive copy of all documents and discovery material even if they contain or reflect another party's CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION – ATTORNEYS ONLY. Trial counsel's archive copy shall remain subject to all obligations of this Order.

14. Production by Third Parties Pursuant to Subpoena

Any third party producing documents or things or giving testimony in this action pursuant to a subpoena, notice or request may designate said documents, things, or testimony as CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION – ATTORNEYS ONLY. The parties agree that they will treat CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION – ATTORNEYS ONLY produced by third parties according to the terms of this Order.

15. Compulsory Disclosure to Third Parties

If any receiving party is subpoenaed in another action or proceeding or served with a document demand, and such subpoena or document seeks CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION – ATTORNEYS ONLY of a producing party, the receiving party shall give prompt written notice to counsel for the producing party prior to the deadline for complying with the subpoena or responding to the document demand. No compulsory disclosure to third parties of material exchanged under this Order shall be deemed a waiver of any claim of confidentiality, except as expressly found by a court or judicial authority of competent jurisdiction.

16.     After the termination of this action, the Court will continue to have jurisdiction to enforce this Order.

17.     This Order is without prejudice to the right of any person or entity to seek a modification of this Order at any time.

So ORDERED This 16th day of February, 2006.

                                              s/Richard P. Matsch
                                              Senior United States District Court Judge

AGREED AND TENDERED FOR REVIEW:

s/ Mark William Fischer
Mark William Fischer
Elizabeth McGoogan. Magnuson
Christopher P. Beall
FAEGRE & BENSON, LLP
1900 Fifteenth Street
Boulder, CO  80302
Telephone:  303-447-7700
Facsimile:  303-447-7800

Attorneys for Plaintiff
Gregg I. Anderson
David Allison d/b/a Cheat Code Central

s/Shelley B. Mixon
Shelley B. Mixon
GREENBERG TRAURIG, LLP
1200 Seventeenth Street, Suite 2400
Denver, CO  80202
Telephone:  303-572-6500
Facsimile:  303-572-6540

Attorney for Defendant Crave Online Media, LLC